﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/20 Archive Date: 03/31/20

DOCKET NO. 190815-59741
DATE: March 31, 2020

REMANDED

Entitlement to service connection for prostate cancer status-post prostatectomy, to include as due to environmental hazard exposure, is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the Army from September 1986 to April 1992 and from April 1992 to August 1993. This matter comes before the Board of Veterans’ Appeals (Board) on appeal from an October 2018 rating decision by a Department of Veterans Affairs (VA) Regional Office (RO) which denied entitlement to the benefits currently sought on appeal.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. This decision has been written consistent with the new AMA framework.

The Veteran’s claim was originally denied in a October 2018 rating decision. In November 2018 the Veteran submitted a Notice of Disagreement (NOD), and he was issued a statement of the case (SOC) in July 2019. In a VA Form 10182 from August 2019, the Veteran elected the modernized review system. 38 C.F.R. § 19.2(d). The Veteran indicated that he wished to opt-in from the previous SOC, and to withdraw the claim from the Legacy Appeals process. He requested Direct Review by a Veterans Law Judge.

The matter of entitlement to service connection for obstructive sleep apnea will be addressed in a separate Board decision.

Entitlement to service connection for prostate cancer status post prostatectomy, to include as due to environmental hazard exposure, is remanded.

The Veteran is claiming that his prostate cancer was due to his exposure to environmental hazards while serving on active duty.

The Veteran submitted a statement in November 2018. He wrote: 

During Desert Storm, we were exposed to all kinds of chemicals. We also were exposed to the burn pit and the burning oil fields. They admit we were exposed to different levels of chemicals … there’s no other person in my family that has or had prostate cancer. I’m also the third person in my unit to have prostate cancer.

The Veteran, through his Attorney, submitted similar arguments in his Notice of Disagreement from November 2018. The Veteran’s Attorney submitted additional arguments in an Appellate Brief from August 2019. That brief also indicated that “in the alternative, the Veteran asserts he is entitled to an in-person VA examination in order to determine whether his prostate cancer is related to his military service.”

The Board has confirmed from the Veteran’s military personnel records and his DD-214 that he served in Southwest Asia. The Veteran has earned the Southwest Asia Service Medal, the Overseas Service Ribbon, and the Kuwait Liberation Medal. His personnel records confirm service in Saudi Arabia. His military occupational specialty is as an “automated logistical specialist.” As such, the Board has confirmed his MOS and overseas service, and finds his contentions regarding exposure to burn pits credible. See Jandreau v. Nicholson, 492 F. 3d 1372, 1376-77 (Fed. Cir. 2007).

To establish an entitlement to service connection, the Veteran must establish (1) the existence of a present disability, (2) an in-service occurrence or aggravation of a disease or injury, and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. 38 C.F.R. §§ 3.303(a).

Service connection may be granted on a presumptive basis for a Persian Gulf veteran who exhibits objective indications of qualifying chronic disability, including resulting from undiagnosed illness, that became manifest either during active service in the Southwest Asia theater of operations during the Persian Gulf War, or to a degree of 10 percent or more not later than December 31, 2021, and which by history, physical examination, and laboratory tests cannot be attributed to any known clinical diagnosis. 38 U.S.C. § 1117; 38 C.F.R. § 3.317(a)(1). In claims based on qualifying chronic disability, unlike those for direct service connection, there is no requirement that there be competent evidence of a nexus between the claimed illness and service. Gutierrez v. Principi, 19 Vet. App. 1, 8-9 (2004). Laypersons are competent to report objective signs of illness.

A “qualifying chronic disability” for VA purposes is a chronic disability resulting from (A) an undiagnosed illness, (B) a medically unexplained chronic multi symptom illness (such as chronic fatigue syndrome (CFS), fibromyalgia, or IBS) that is defined by a cluster of signs or symptoms, or (C) any diagnosed illness that the Secretary determines in regulation prescribed under 38 U.S.C. § 1117(d) warrants a presumption of service connection. 38 U.S.C. § 1117(a)(2); 38 C.F.R. § 3.317(a)(2)(i)(B).

Notwithstanding, service connection for a disability claimed as being due to environmental hazard exposure may still be established by showing that the disability was in fact causally linked to such exposure. Combee v. Brown, 34 F. 3d 1039, 1044 (Fed. Cir. 1994) (citing 38 U.S.C. §§ 1113(b), 1116 and 38 C.F.R. § 3.303.

VAMC records indicate that the Veteran was diagnosed with prostate cancer in June 2018. This was confirmed in July 2018 by biopsy results. The Veteran then underwent a prostatectomy surgery in September 2018. 

In this regard, as his symptoms have been attributed to the known clinical diagnoses, service connection cannot be granted on a presumptive basis as due to an undiagnosed illness based on his Persian Gulf service. 38 U.S.C. § 1117; 38 C.F.R. § 3.317. Therefore, 38 C.F.R. § 3.317 is inapplicable, and the only question for the Board is whether there is a nexus between the current disability and service.

As stated above, the Veteran has consistently related his prostate cancer to his in-service exposure to environmental hazards, to include burn pits. Although lay persons are competent to provide opinions on some medical issues, see Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011), the specific issue in this case, the relationship between prostate cancer and exposure to environmental hazards, falls outside the realm of common knowledge of a lay person. Jandreau v. Nicholson, 492 F.3d 1372, 1733 n. 4 (Fed. Cir. 2007) (lay persons not competent to diagnose cancer).

Again, even if the Veteran does not qualify for service connection on a presumptive basis, he still may qualify for entitlement to service connection on a direct basis. The Veteran has not however been afforded a VA examination in this regard.

One of the effects of the AMA is to narrow the set of circumstances in which the Board must remand appeals to the AOJ for further development instead of immediately remanding them directly. Nevertheless, even under the AMA the Board still has the duty to remand issues when necessary to correct a pre-decisional duty to assist error. See Pub L. No. 115-55 section(2)(d); 38 C.F.R. § 20.802(a).

VA’s duty to assist includes, when necessary, conducting a thorough and comprehensive medical examination. Under 38 U.S.C. § 5103A(d)(2), VA must provide a medical examination and, or, obtain a medical opinion, when there is: (1) competent evidence that the Veteran has a current disability (or persistent or recurrent symptoms of a disability); (2) evidence establishing that he suffered an event, injury or disease in service or has a disease or symptoms of a disease within a specified presumptive period; (3) an indication the current disability or symptoms may be associated with service; and (4) there is not sufficient medical evidence to make a decision. See McLendon v. Nicholson, 20 Vet. App. 79 (2006) (discussing circumstances under which a VA examination is required). The third element, which requires that the evidence of record “indicate” that the claimed disability or symptoms “may be” associated with the established event, is a low threshold. Id. at 83.

Thus, due to a pre-decisional duty to assist error, this matter must be remanded. Upon remand, the Veteran should be scheduled for a VA examination, whereby an etiological opinion may be rendered regarding his claim of entitlement to service connection for prostate cancer status-post prostatectomy. The examiner must consider the Veteran’s lay statements, as well as his active duty service.

The matters are REMANDED for the following action:

Schedule the Veteran for a VA examination with a medical professional of sufficient expertise to determine the nature and etiology of the Veteran’s prostate cancer status-post prostatectomy. The electronic claims file must be reviewed by the examiner, and a note that it was reviewed should be included in the report. After reviewing the claims file and examining the Veteran, the examiner should answer the following questions:

Is it at least as likely as not (a fifty percent probability or greater) that the Veteran’s prostate cancer status-post prostatectomy is related to his active duty service, to include the environmental hazard exposure in the Persian Gulf, such as burn pit exposure?

A detailed rationale for the opinion must be provided. If the examiner is unable to offer the requested opinion, it is essential that the examiner offer a rationale for the conclusion that an opinion could not be provided without resort to speculation, together with a statement as to whether there is additional evidence that could enable an opinion to be provided, or whether the inability to provide the opinion is based on the limits of medical knowledge. See Jones v. Shinseki, 23 Vet. App. 382 (2010).

The examiner is reminded that the term “as likely as not” does not mean “within the realm of medical possibility,” but rather that the evidence of record is so evenly divided that, in the examiner’s expert opinion, it is as medically sound to find in favor of the proposition as against it.

 

 

Katherine Kiemle Buckley 

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board G. Mulrain, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.